**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-04182 JSW |
| Plaintiff, | **ORDER GRANTING MOTION TO STAY** |
| v. | |
| APPROXIMATELY $144,001 IN UNITED STATES CURRENCY, | |
| Defendant. | |

# INTRODUCTION

Now before the Court for consideration is the Motion to Stay filed by the United States of America ("United States"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for May 14, 2010 is VACATED and the United States' Motion to Stay is GRANTED.

# BACKGROUND

On September 10, 2009, the United States filed its Complaint in this action seeking forfeiture of approximately $144,001 (the "seized funds"), which was seized on March 18, 2009, from the residence of James Anthoney Pompey ("Pompey"), in Newark, California. (Compl. ¶¶ 7, 17.) Pompey has been charged in Santa Clara County with various criminal charges arising out of the execution of search warrants and the seizure of those funds. (*Id.* ¶¶ 7-

8, 16-19; Mot., Ex. A.)[1] On October 23, 2009, Pompey filed a Verified Claim to the seized funds, and on November 12, 2009, he filed an Answer.

The United States now moves to stay this action pending resolution of both criminal proceedings on the basis that allowing Pompey to go forward with discovery in this matter would prejudice the prosecution of the pending criminal proceedings.

## ANALYSIS

> (1) Upon motion of the United States, the court *shall* stay the civil forfeiture proceeding *if* the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> ...
>
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g) (emphasis added).[2]

The United States has submitted two declarations filed under seal and *ex parte* to support its position that this matter should be stayed. Although Pompey objects to these submissions, the plain language of the statute permits the United States to submit evidence in support of its motion on an *ex parte* basis, "in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or a pending criminal trial." *Id.* § 981(g)(5). The Court has reviewed the sealed evidence and finds no basis to revisit its earlier decision to grant the application to file the Declaration of Susan Gray under seal. In addition, the Court

---

[1] Pompey also is under indictment in the United States District Court for the Middle District of Georgia. (Mot., Ex. B.)

[2] Section 981(g)(3) permits a court to conclude a stay is not warranted "if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case," unless the effect of "such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." Although Pompey urges the Court to fashion a protective order in lieu of imposing a stay, the Court finds that a stay is warranted and denies this request.

GRANTS the United States' application to file the Declaration of Special Agent Anthony Herrera under seal and on an ex parte basis. (Docket No. 28.)

Pompey argues that the Court should not stay this matter because the statute is limited to investigations or proceedings that are conducted by the federal government, rather than by state governments. (*See* Opp. Br. at 1:19-2:9.) Pompey cites no authority in support of this argument, and the Court does not find it persuasive. A fair reading of the statute demonstrates that a stay shall be granted if civil discovery would adversely affect either "the ability of the Government to conduct a related criminal investigation" or would adversely affect "the prosecution of a related criminal case."

The Court has reviewed the under seal declarations and concludes that the United States has met its burden to show that the state court proceeding is a "related" criminal case under Section 981(g)(4). In addition, the Court finds that the United States has met its burden to show that civil discovery would adversely affect the prosecution of the state court proceeding. Accordingly, the motion to stay is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion to stay. The Court HEREBY ORDERS the United States to file status reports every 45 days regarding the status of both pending criminal proceedings and the continued need for stay. The first status report shall be due 45 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: May 3, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE