**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-04182 JSW |
| Plaintiff, | **ORDER DENYING, WITHOUT PREJUDICE, MOTION TO RELEASE FUNDS FOR LEGAL FEES** |
| v. | |
| APPROXIMATELY $144,001 IN UNITED STATES CURRENCY, | |
| Defendant. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Release Funds for Legal Fees filed by Claimant, James Anthony Pompey ("Pompey"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for December 2, 2011 is VACATED and Pompey's Motion to Release Funds is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

On September 10, 2009, the United States filed its Complaint in this action seeking forfeiture of approximately $144,001 (the "seized funds"), which was seized on March 18, 2009, from the residence of James Anthoney Pompey ("Pompey"), in Newark, California. (Compl. ¶¶ 7, 17.) Pompey has been charged in Santa Clara County with various criminal charges arising out of the execution of search warrants and the seizure of those funds. (*Id.* ¶¶ 7-

1  8, 16-19.)[1]  On October 23, 2009, Pompey filed a Verified Claim to the seized funds, and on
2  November 12, 2009, he filed an Answer.
3  On May 3, 2010, the Court granted the United States' motion to stay this action, over
4  Pompey's objection.  On October 7, 2011, Pompey filed his motion to release funds for legal
5  fees.

## ANALYSIS

7  Pompey argues that a continued hold on the seized funds is impinging upon his Sixth
8  Amendment right to counsel.  The "Sixth Amendment guarantees a defendant the right to be
9  represented by an otherwise qualified attorney whom that defendant can afford to hire, or who
10  is willing to represent the defendant even though he is without funds."  *Caplin & Drysdale,*
11  *Chartered v. United States*, 491 U.S. 617, 624-25 (1989).  However, "defendant has no Sixth
12  Amendment right to spend another person's money for services rendered by an attorney, even if
13  those funds are the only way that that defendant will be able to retain the attorney of his
14  choice."  *Id.* at 626.  Thus, it is not a violation of the Sixth Amendment to preclude a defendant
15  from using assets, which have been determined to be forfeitable, to pay his attorney.  *Id.* at 632.
16  The Supreme Court also has held there is no Sixth Amendment violation when, "after probable
17  cause [for forfeiture] is adequately established," a defendant is precluded from using such assets
18  to pay counsel.  *United States v. Monsanto*, 491 U.S. 600, 617 (1989).
19  However, in order to protect a defendant's Sixth Amendment right to counsel and his
20  Fifth Amendment due process rights, a district court may be required to hold a pretrial hearing
21  to determine whether some or all of the funds should be released.  *United States v. Unimex*, 991
22  F.2d 546, 550-551 (9th Cir. 1993); *see generally United States v. Monsanto*, 924 F.2d 1186 (2d
23  Cir. 1991).  The Court finds that, on the existing record, Defendant has failed to show a hearing
24  is warranted.  Although he *argues* that he has no assets and that there was not probable cause to
25  forfeit the funds, he fails to put forth evidence to support those claims.  *See Unimex*, 991 F.2d at

---

[1]  Pompey also was indicted on drug related charges in the United States District Court for the Middle District of Georgia.  On October 6, 2011, Pompey entered a plea of guilty to one count of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846.  (Opp. Br., Ex. A.)

United States District Court
For the Northern District of California

551 (concluding district court erred in denying hearing where movant put forth affidavits demonstrating assets seized were not subject to forfeiture).  In his reply brief, counsel states that he is endeavoring to obtain a declaration from Pompey and that these efforts have been complicated by the fact that Pompey is incarcerated in Georgia.  If counsel is able to obtain a declaration from his client, he may file a renewed motion to release the funds.

**CONCLUSION**

For the foregoing reasons, the Court DENIES, WITHOUT PREJUDICE, the motion to release funds for legal fees.

**IT IS SO ORDERED.**

Dated: November 7, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE